IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **JOSEPH DESMONDE BAUGHNS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | NO. 3:21-CV-00139-CAR-CHW |
| **VS.** | : | |
| | : | |
| **JOHN Q WILLIAMS,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER AND RECOMMENDATION**

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Joseph Desmonde Baughns, an inmate at the Clarke County Jail in Athens, Georgia, that is construed as a Complaint seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1).[1] Plaintiff has also filed a motion for leave to proceed *in forma pauperis* in this action (ECF No. 2), a motion for appointed counsel (ECF No. 3), and a motion for a preliminary injunction or temporary restraining order (ECF No. 4).   As explained below, Plaintiff will be required to provide the Court with additional information regarding his motion to proceed *in forma pauperis* within **FOURTEEN (14) DAYS** of the date of this Order.   In addition, Plaintiff's motion for appointed counsel is **DENIED** at this time, and it is **RECOMMENDED** that his motion for preliminary injunctive relief be **DENIED** as well.

---

[1] Plaintiff has submitted his Complaint on the form used to file what is known as a *Bivens* action. *Bivens* provides a cause of action against a *federal* actor for the violation of federally-protected rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-96 (1971).   42 U.S.C. § 1983, on the other hand, provides a cause of action against a *state* actor who has violated a person's federally-protected rights.   *Hale*, 50 F.3d at 1582.   Because there are no federal actors involved in this case, Plaintiff's claims are more properly construed as seeking relief pursuant to § 1983.

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff first seeks leave to proceed without prepayment of the filing fee in this case (ECF No. 2). The Court has reviewed Plaintiff's motion, however, and finds it is incomplete. A prisoner proceeding *in forma pauperis* must submit (1) an affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff has failed to submit a certified copy of his prison trust fund account information. Accordingly, Plaintiff is **DIRECTED** to submit a proper motion to proceed without the prepayment of the filing fee, which should include a certified copy of his trust fund account statement within **FOURTEEN (14) DAYS** of the date of this Order. The Clerk is **DIRECTED** to provide Plaintiff with the appropriate forms, marked with the case number for the above-captioned action, for this purpose.

The Court recognizes that Plaintiff has alleged that jail officials have previously refused to provide him with a certified copy of his prison trust fund account information. Mot. Proceed IFP 4, ECF No. 2. Plaintiff is therefore instructed to show the appropriate prison official this Order when he requests this information. If the prison official still refuses to provide the requested information, Plaintiff should notify the Court: (1) the name of the prison official from whom he requested the certified copy of his trust fund account statement; (2) the date he made such request; and (3) the date that he was notified that the prison official would not provide the requested documentation. If Plaintiff receives notification in writing from the prison official regarding an inability to provide a certified

copy of his prison trust fund account statement, Plaintiff should provide the Court with a copy of this notification. Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to submit this information in the event he cannot obtain a certified copy of his prison trust fund account.

## MOTION FOR APPOINTED COUNSEL

Plaintiff has also filed a motion seeking appointed counsel (ECF No. 3). As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[2] But "[t]he key" in determining whether appointed counsel is warranted "is whether the *pro se* litigant needs help in presenting the essential merits of his position to the court." *Nelson v. McLaughlin*, 608 F. App'x 904, 905 (11th Cir. 2015) (per curiam)

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential merits of his claims, and the applicable legal doctrines are readily apparent. As such, Plaintiff's motion for appointed counsel (ECF No. 3) is **DENIED**. Should it later become apparent that legal assistance is required in

---

[2] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Plaintiff to file additional requests for counsel.

## MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

Plaintiff has also filed a document that has been construed as a motion for a temporary restraining order ("TRO") or preliminary injunction (ECF No. 4) requesting that the Court enjoin Defendants Mendahfazz, Cormier, and Cole "from continuously harassing [Plaintiff] and threating [sic] to harm [Plaintiff]" and "allowing insufficient and inadequately trained staff to continue their outrageous acts towards [him] and against [him]," and directing the return of Plaintiff's legal papers. Mot. TRO 1, ECF No. 4. A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).[3]

Factors a movant must show to be entitled to a TRO include: "(1) a substantial likelihood of ultimate success on the merits; (2) the TRO is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the TRO would inflict on the non-movant; and (4) the TRO would serve the public interest." *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).

---

[3] The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

Plaintiff does not clearly address these factors in his motion, and at this time the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Plaintiff will ultimately prevail on the merits.   Furthermore, the Defendants have not been served or had a meaningful opportunity to respond to Plaintiff's allegations.   Fed. R. Civ. P. 65(a)(1).   Defendants should be afforded an opportunity to respond to Plaintiff's allegations, and any claims for injunctive relief can be addressed as this case proceeds. Accordingly, it is **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief or a temporary restraining order (ECF No. 4) be **DENIED.**

## CONCLUSION

In accordance with the foregoing, Plaintiff's motion for appointed counsel (ECF No. 3) is **DENIED**, and it is **RECOMMENDED** that Plaintiff's motion for injunctive relief or a temporary restraining order (ECF No. 4) be **DENIED**.   Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

Plaintiff shall have **FOURTEEN (14) DAYS** from the date shown on this Order to either submit a certified copy of his prison trust account information or to supply the Court

with information concerning his efforts to obtain such information.  **If Plaintiff does not timely and fully comply with this Order, this action may be dismissed.**  Plaintiff is further **DIRECTED** to notify the Court immediately in writing of any change in his mailing address.  There shall be no service of process in this case until further order of the Court.

      **SO ORDERED AND RECOMMENDED**, this 8th day of February, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge