IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **JOSEPH DESMONDE BAUGHNS,** | : | |
| Plaintiff, | : | |
| | : | NO. 3:21-CV-00139-CAR-CHW |
| VS. | : | |
| **JOHN Q WILLIAMS**, *et al.*, | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court is a Complaint filed by *pro se* Plaintiff Joseph Desmonde Baughns, an inmate at the Clarke County Jail in Athens, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). Plaintiff has paid the required initial partial filing fee, and his claims are now ripe for review pursuant to 28 U.S.C. § 1915(e) and § 1915A. Following such review, Plaintiff's claims against (1) Defendants Williams and Mendafahzz regarding Defendant Mendafahzz's threats to harm Plaintiff and (2) Defendants Williams, Mitchell, and Carter concerning the lack of visitation shall proceed for further factual development. It is **RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

**I.    Standard of Review**

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a

government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise

2

a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

## II.     Factual Allegations

Plaintiff's claims arise from his treatment at the Athens-Clarke County Jail. Compl. 3, ECF No. 1. According to the Complaint, Plaintiff is "in fear for [his] life and safety" at the jail due to the conditions there. *Id.* More specifically, Plaintiff contends that Defendant Mendafahzz (whose last name was previously Solomon) has repeatedly threatened to harm him and has also attempted "to pay other inmates to do harmful things to [Plaintiff]." Attach. 4 to Compl. 1-2, ECF No. 1-4.

In addition, Plaintiff complains about other conditions at the jail that do not appear to pose a threat to his life or health. Plaintiff first contends that Defendant Cormier, a deputy, searched his cell and may have confiscated Plaintiff's legal paperwork, which is now missing. *Id.* at 4. Plaintiff also contends that the kiosk system at the jail—which allows inmates to send and receive personal and legal mail, engage in personal and legal

3

visitation, and access the law library, commissary, and personal photographs and emails—does not work appropriately and requires him to pay for services he does not receive. *Id.*; *see also* Attach. 3 to Compl. at 1-2, 4, ECF No. 1-3. In addition, Plaintiff complains that his unit is not allowed to have razors or clippers. Attach. 2 to Compl. 1, ECF No. 2-1. Plaintiff thus contends Defendants have violated his constitutional rights, and seeks monetary compensation and injunctive and declaratory relief. *See id.* at 5-6.

### III. Plaintiff's Claims

#### A. Claims against Defendant Mendafahzz for Threats and Harassment

Plaintiff first alleges that Defendant Mendafahzz has repeatedly threatened and harassed him while he has been housed at the jail. On May 6, 2021, Plaintiff filed a grievance alleging that Defendant Mendafahzz attempted to pay other inmates to harm Plaintiff. Attach. 4 to Compl. 2, ECF No. 1-4. To resolve this grievance, Defendant Cole, a lieutenant at the jail, advised Plaintiff that Defendant Mendafahzz would not be assigned to Plaintiff's housing unit "in the future." *Id.* Despite these assurances, however, Plaintiff contends Defendant Mendafahzz still had access to Plaintiff and continued to threaten Plaintiff with bodily harm. *See, e.g.,* Attach. 4 to Compl. 1, ECF No. 1-4. Plaintiff accordingly filed another grievance complaining about Defendant Mendafahzz's conduct. *Id.* Plaintiff alleges the threatening conduct continued even after he filed this second grievance, and he contends that the Clarke County Sheriff, Defendant Williams, has not responded to the grievance in any way. *Id.*; *see also* Attach. 6 to Compl. 1, ECF No. 1-6 (declaration of another inmate stating that the inmate overheard Defendant Mendafahzz threaten to shoot Plaintiff with a taser).

While allegations of threats and verbal abuse, standing alone, are generally "insufficient to state a constitutional claim," *Hernandez v. Fla. Dep't Corr.*, 281 F. App'x 862, 865 (11th Cir. 2008) (per curiam), Plaintiff in this case has alleged that Defendant Mendafahzz has repeatedly threatened to harm him even after prison officials ostensibly told him not to and attempted to separate him from Plaintiff. At this early stage of the litigation, Plaintiff's claims concerning Defendant Mendafahzz's threats and harassment therefore cannot be summarily dismissed. *See, e.g., Chandler v. D.C. Dep't Corr.*, 145 F.3d 1355, 1361 (D.C. Cir. 1998) (noting that threats "accompanied by conduct supporting the credibility of the threat" as well as repeated threats of physical harm and sexual harassment are "potentially violative of the Eighth Amendment"); *see also Wilson v. Silcox*, 151 F. Supp. 2d 1345, 1353 (N.D. Fla. Mar. 7, 2001) (finding that genuine issues of material fact existed where correctional officers threatened to kill prisoner because of a pending lawsuit and threats "were presented to Plaintiff along with statements that Defendant and his brother had caused physical harm or even death to inmates in the past without retribution" and prisoner alleged he suffered "severe mental anguish" as a result).[1] These claims will therefore proceed for further factual development.

  B.  <u>Failure-to-Protect Claims against Defendant Williams</u>

As noted above, Plaintiff alleges that he complained about Defendant Mendafahzz's

---

[1] Plaintiff has also sought a restraining order against Defendant Cormier "to stay a hundred feet away from plaintiff and stop threating [sic] and harassing." Compl. 6, ECF No. 1. Plaintiff has not, however, alleged any facts describing any threatening or harassing conduct by Defendant Cormier. As such, any claims based on such conduct against Defendant Cormier are subject to dismissal.

conduct to Defendant Williams, but Defendant Williams did not respond to Plaintiff's complaints and the harassing conduct continued. A prisoner who asserts that prison officials breached their duty to protect inmates from harm caused by other prisoners can state a constitutional claim. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994).[2] A prisoner asserting a failure-to-protect claim must allege (1) a substantial risk of serious harm; (2) the prison officials' deliberate indifference to that risk; and (3) causation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 (11th Cir. 2013). To establish deliberate indifference in this context, a prisoner must show that prison officials subjectively knew of the substantial risk of serious harm and that prison officials knowingly or recklessly disregarded that risk. *Id.* at 1332.

In this case, Plaintiff has at least suggested that Defendant Williams knew that Defendant Mendafahzz was still threatening and harassing Plaintiff in November of 2021, but he failed to take any action to address the harassment. Attach. 4 to Compl. 1, ECF No. 1-4.[3] Plaintiff is not required to wait until an assault actually occurs to file a complaint seeking to obtain the type of injunctive relief he requests in this case. *Farmer*, 511 U.S. at 845. Plaintiff's failure-to-protect claims against Defendant Williams shall therefore

---

[2] The Eleventh Circuit recently indicated that it will continue to use the subjective deliberate indifference standard unless a pretrial detainee is asserting an excessive force claim. *See Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

[3] Plaintiff alleges that prison officials responded to Plaintiff's May 2021 grievance about Defendant Mendafahzz by removing Defendant Mendafahzz from Plaintiff's housing unit. Attach. 4 to Compl. 2, ECF No. 1-4. Plaintiff does not allege any facts indicating that any named Defendant other than Defendant Williams knew that this action was insufficient to address the harassment and that the threatening conduct persisted. Plaintiff has therefore failed to state a failure-to-protect claim concerning these remaining prison officials.

proceed for further factual development.

C.  Claims Related to Loss or Destruction of Personal Property

Plaintiff next suggests that his legal paperwork was confiscated or destroyed after Defendant Cormier searched his cell, and he also alleges that he was charged a fee for attempting to use the prison's kiosks even when the kiosks did not work properly. To the extent these allegations can be construed as contentions that Defendants wrongfully seized Plaintiff's personal property, such allegations could perhaps implicate Plaintiff's right to due process.[4] But even "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). "[T]he state's action is not complete," and a due process violation therefore does not occur, "until and unless it provides or refuses to provide a suitable postdeprivation remedy." *See id.* "Georgia provides a civil cause of action for the wrongful conversion of personal property." *Moore v. McLaughlin*, 569 F. App'x 656, 658 (11th Cir. 2014) (per curiam) (citing O.C.G.A. § 51-10-1). The Eleventh Circuit has "held that this cause of action constitutes a suitable postdeprivation remedy for procedural due process violations." *Id.* Plaintiff has not alleged that he has attempted to pursue a civil action based on Defendants' actions or that such a remedy is not available to him, and he has therefore failed to state a due process

---

[4] To the extent these allegations suggest Defendants were merely negligent, "negligent conduct does not give rise to § 1983 liability for resulting unintended loss of or injury to life, liberty, or property." *Cannon v. Macon Cnty.*, 1 F.3d 1558, 1563 (11th Cir. 1993).

7

claim. Any due process claims Plaintiff is attempting to assert concerning the loss of his legal papers or the funds he used in the kiosks should therefore be dismissed without prejudice.

### D. Access-to-Courts Claims

To the extent Plaintiff is alleging that the loss or destruction of his legal papers violated his constitutional right of access to the courts, he has likewise failed to state an actionable claim. "Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury*, 536 U.S. 403, 415 n. 12 (2002)). "To have standing to seek relief under this right, however, a plaintiff must show actual injury by 'demonstrat[ing] that a nonfrivolous legal claim ha[s] been frustrated or . . . impeded.'" *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790, 797 (11th Cir. 2003) (alterations and omission in original) (citing *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Plaintiff has failed to identify any nonfrivolous legal claim that was frustrated or impeded by the loss of his legal papers. As such, Plaintiff has failed to state a cognizable access-to-courts claim, and any such claim he is attempting to assert should be dismissed.

### E. Grievance Claims

Plaintiff next alleges that Defendants violated his constitutional rights by failing to properly process his grievances. These allegations, standing alone, also fall short of stating an actionable constitutional claim. Prisoners in the Eleventh Circuit have no constitutionally-protected liberty interest in accessing a prison's grievance procedure.

8

*Bingham v. Thomas*, 654 F.3d 1171, 1177 (11th Cir. 2011) (per curiam) (affirming dismissal of prison's claims that he was denied use of the prison's grievance procedure). Any claims related to Defendants' alleged failure to process his grievances should therefore be dismissed.

      F.    Kiosk Claims

Plaintiff also alleges that the kiosks in the jail did not function properly. Plaintiff alleges that prisoners could use kiosks for mail, visitation, law library and commissary access, and to view emails and photographs. In his Complaint, however, Plaintiff does not plead any specific facts that would show that he was personally deprived of any of these functions except for the ability to conduct general visitation. Accordingly, the Court will only address Plaintiff's claims concerning general visitation at this time.[5]

Pretrial detainees, such as Plaintiff in this case, "must be allowed reasonable visitation privileges and this right may not arbitrarily be restricted." *Jones v. Diamond*, 636 F.2d 1364, 1377 n.12 (5th Cir. 1981) (en banc) *overruled in part on other grounds by Int'l Woodworkers of Am. v. Champion Int'l Corp.*, 790 F.2d 1174, 1175 (5th Cir. 1996). Plaintiff has alleged that he was deprived of all visitation for more than two months because the kiosk system did not work. Attach. 3 to Compl. 1, ECF No. 1-4. When Plaintiff's

---

[5] Plaintiff has also attached a declaration from another inmate to his Complaint in which this inmate appears to assert that one of his legal visits was interrupted. Attach. 5 to Compl. 1, ECF No. 1-5. Plaintiff does not, however, assert that he had any difficulty accessing his lawyer or with any other function of the kiosk other than general visitation. Plaintiff may only bring those claims that are personal to him in this lawsuit; he may not seek relief on behalf of any other inmates. *See Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (per curiam) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates). The Court has construed Plaintiff's Complaint as seeking relief only as to his claims concerning general visitation.

Complaint and the attachments thereto are construed liberally, they also suggest that Defendants Williams, Mitchell, and Carter knew Plaintiff was being deprived of visitation and took no action. Compl. 4, ECF No. 1 (stating that Plaintiff filed grievances regarding "[t]he insufficient and inadequate 'kiosk'").[6] Plaintiff's claims that he was deprived of visitation shall therefore proceed against these Defendants.

Plaintiff also briefly mentions that "[t]here is no privacy when one dose [sic] have a visit" because "[t]he 'kiosk' is displayed on the wall in the middle of the unit – in each unit for everyone to see." Compl. 9, ECF No. 1. Plaintiff may thus be attempting to assert a Fourth Amendment privacy claim. "The Fourth Amendment, as applied to the states by way of the Fourteenth Amendment, protects [t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Gennusa v. Canova*, 748 F.3d 1103, 1109-10 (11th Cir. 2014) (internal quotation marks and citations omitted) (alteration adopted). A Fourth Amendment violation can occur "when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Id.* at 1110 (internal quotation marks omitted).

In this case, Plaintiff has not pleaded any specific facts that would permit the Court to conclude that he has a reasonable expectation of privacy in his visitation with family and friends via kiosk. Indeed, "[n]umerous courts" have held that prisoners do not have a

---

[6] Plaintiff alleges that Defendant Williams failed to respond to at least one grievance concerning kiosk access, and he has attached grievances to his Complaint showing that Defendants Mitchell and Carter knew prisoners were having trouble with the kiosk system in October and November. *See, e.g.,* Attach. 3 to Compl. 4, ECF No. 1-3; Attach. 5 to Compl. 2, ECF No. 1-5. Another prison official's signature also appears on these documents, but the Court cannot identify who this individual is.

"reasonable expectation of privacy" in outgoing phone calls from prison, a situation analogous to a kiosk visit in this case. *See, e.g., United States v. Freeman*, No. 09-80104-CR, 2010 WL 989227, at *9 (S.D. Fla. Mar. 16, 2010) (collecting cases). Plaintiff's privacy claims, as pleaded, therefore fail to state a claim upon which relief should be granted and should be dismissed as such.

G. Access to Razors or Clippers

Finally, Plaintiff appears to complain that his unit was not permitted to have razors or clippers and that he was "braking out [sic]" because he could not shave. Attach. 2 to Compl. 1, ECF No. 1-2. Conditions of confinement imposed prior to conviction are reviewed pursuant to the Fourteenth Amendment's Due Process Clause rather the Eighth Amendment's Cruel and Unusual Punishment Clause, which is applicable to convicted prisoners. *Hamm v. Dekalb Cnty.*, 774 F.2d 1567, 1572 (11th Cir. 1985). The standard with respect to providing pretrial detainees with basic necessities while incarcerated, however, is the same standard as required by the Eighth Amendment for convicted persons. *Id.* at 1574. Thus, to state a conditions-of-confinement claim, a prisoner must show that the deprivations he suffers are objectively and sufficiently "serious" or "extreme" so as to constitute a denial of the "minimal civilized measure of life's necessities." *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010). This standard is only met when the challenged conditions pose "an unreasonable risk of serious damage to [the prisoner's] future health or safety," *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (internal quotation marks omitted), or if society "considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone*

11

unwillingly to such a risk," *Helling v. McKinney*, 509 U.S. 25, 36 (1993). A prisoner must also show that prison officials had the requisite state of mind, *i.e.*, that the officials knew of the excessive risk to inmate health or safety and disregarded that risk. *See Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999).[7]

Plaintiff has failed to plead facts sufficient to show that the deprivation of razors or clippers in this case was serious or extreme enough to rise to the level of a constitutional violation. It is unclear how long Plaintiff was without the means to shave, and he does not describe the nature or severity of the skin problems that resulted from his inability to shave. Absent such facts, the Court has no basis for concluding that the conditions about which Plaintiff complains posed a risk of seriously damaging Plaintiff's health or that the conditions amounted to a violation of contemporary standards of decency.

Plaintiff has also failed to show that Defendants were deliberately indifferent to his complaints. Plaintiff signed a grievance concerning this issue on October 28, 2021, prison officials received this grievance on November 1, 2021, and prison officials responded to this grievance by issuing razors "to the entire jail for those who requested" on November 3, 2021. Attach. 2 to Compl. 1, ECF No. 1-2. Plaintiff's allegations thus demonstrate that prison officials acted reasonably promptly when Plaintiff called the deficiency to their attention. As such, Plaintiff's claims concerning the deprivation of razors or clippers should be dismissed without prejudice.

---

[7] The Eleventh Circuit recently indicated that it will continue to use the subjective deliberate indifference standard unless a pretrial detainee is asserting an excessive force claim. *See Swain v. Junior*, 961 F.3d 1276, 1285 n.4 (11th Cir. 2020).

## IV. Conclusion

Based on the foregoing, Plaintiff's claims against Defendants Williams and Mendafahzz regarding Defendant Mendafahzz's threats to harm Plaintiff and his claims against Defendants Williams, Carter, and Mitchell concerning the deprivation of visitation shall proceed for further factual development. It is **RECOMMENDED**, however, that Plaintiff's remaining claims be **DISMISSED without prejudice.**

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable C. Ashley Royal, Senior United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

### ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Mendafahzz, Williams, Carter, and Mitchell, it is accordingly **ORDERED** that service be made on those Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service

expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute the Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party

and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is

contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 25th day of April, 2022.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge